## COMMONWEALTH *vs.* WILLIAM BRAHANY.

Worcester.   October 5. — 22, 1877.   ENDICOTT & LORD, JJ., absent.

Under the St. of 1867, c. 130, § 1, a license to keep a dog, which is described therein only as a " male dog " is insufficient.

Under the St. of 1867, c. 130, § 1, a license to keep a " yellow and white " dog named " Dime," will not authorize the keeping of a black Newfoundland dog named " Nigg."

COMPLAINT to the Central District Court of Worcester, charging the defendant with keeping a dog between May 1, 1876, and September 4, 1876, not " registered, numbered, described and licensed according to law."

At the trial in the Superior Court, on appeal, before *Colburn*, J., the defendant sought to justify under a license issued by the town clerk of Millbury, on May 24, 1876, by which " permis-

sion is given to Daniel Braney to keep the dog described in the margin, for one year from May 1, 1877." The margin of the license contained the following words and figures: " Dog License No. 185. Name and Description of Dog. Name: Dime. Sex: Male. Color: Yellow and White. Breed: ————. One year old."

The evidence tended to show that the dog which the defendant kept was a black Newfoundland dog, which he procured in January, 1876, when the dog was nine weeks old, and which was always called " Nigg ; " and 'that the license was procured by the defendant by sending his son Daniel, who lived with him, with the necessary fee to the town clerk's office. The judge ruled that the mistake in writing 1877 for 1876 in the license was immaterial.

The defendant requested the judge to rule and instruct the jury that the license produced would authorize the defendant to keep the dog described by the evidence, if the jury were satisfied that the defendant, in good faith, intending to license the dog described by the evidence, sent his agent with the proper fee to register the dog, although the agent may have misdescribed him ; and that if the license produced was issued to the defendant with the intention that it should authorize the keeping of the dog described by the evidence, the misdescription of the ani-- mal and the misnomer of the license would not invalidate the license.

The judge refused so to rule, but instructed the jury, that, as it appeared that the defendant and his son Daniel lived together, a license in the name of Daniel would protect the defendant, though the defendant was the owner of the dog ; that the license produced, with the description, would not justify the keeping of a black Newfoundland dog called " Nigg , " and that, if the description of the dog kept did not, in some respects at least, correspond with the description in the license, the license was no protection.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Hopkins*, for the defendant.

*W. C. Loring*, Assistant Attorney General, for the Commonwealth.

SOULE, J. The chief purpose of the statutes regulating the keeping of dogs is to prevent sudden and dangerous assaults upon persons, the worrying, wounding and killing of neat cattle, sheep and lambs, and other injuries occasioned by dogs, as well as to afford means for ascertaining the owners and making them liable for the mischief done by their dogs, and for ridding society of a nuisance, by providing for the killing of unlicensed dogs. *Blair* v. *Forehand*, 100 Mass. 136. *Cummings* v. *Perham*, 1 Met. 555. In order that the statute should not fail to accomplish this purpose in full, it is important that the description which the owner is required, by the St. of 1867, c. 130, § 1, to give to the clerk of the town, should be so definite and accurate as to furnish the means of identifying the dog which the license protects. As the statute requires the owner or keeper to cause his dog to be described, as well as licensed and registered, it would not be complied with by a license to keep a " male dog," without any description as to color, marks, name or other char acteristics by which the dog intended could be distinguished from other male dogs. Still less can a license to keep a yellow and white dog named " Dime," give authority to keep a black Newfoundland dog named " Nigg." To hold otherwise would be to make the statute nugatory, so far as it requires the dog to be described, and would make it necessary to hold that a license for a spaniel or a lapdog would authorize the keeping of a mastiff or a bloodhound. It was the duty of the owner of the dog. whether acting in person or by an agent, to see that the animal was properly described to the town clerk, and in the license, so that no difficulty should arise in identifying it. The defendant was not entitled to the rulings which were refused by the court, and the rulings given were sufficiently favorable to him.

*Exceptions overruled.*